**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BILLY STEVE KERR**     **PETITIONER**
**ADC # 106600**

v.     **CASE NO.: 5:09CV00075-JLH-BD**

**LARRY NORRIS, Director,
Arkansas Department of Correction**     **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

>   Mail your objections and "Statement of Necessity" to:
>
>   > Clerk, United States District Court
>   > Eastern District of Arkansas
>   > 600 West Capitol Avenue, Suite A149
>   > Little Rock, AR 72201-3325

**II.     Background**

On July 17, 1995, Petitioner Billy Steve Kerr pled guilty to first-degree murder and first degree battery in the Circuit Court of Randolph County, Arkansas. *Kerr v. State*, No. CR 99-273, 2000 WL 303423 (March 23, 2000). The court sentenced Petitioner to concurrent terms of life and twenty years in the Arkansas Department of Correction ("ADC"). *Id*.

Petitioner filed a petition for habeas corpus relief in the Lincoln County Circuit Court on March 14, 1996. (docket entry #8-3) In an order filed April 25, 1996, the court denied the petition for failure to state a claim upon which relief could be granted. (#8-5) Petitioner appealed the denial of state habeas relief to the Arkansas Supreme Court. *Johnson v. Kerr*, No. CR 96-694, 1997 WL 86246 (Feb. 24, 1997). The Arkansas Supreme Court affirmed, finding that the information upon which Petitioner was charged was sufficient, and holding the Randolph County Circuit Court had subject matter jurisdiction over the charges. *Id*. at *1.

On November 3, 1998, Petitioner filed a belated petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. (#8-7) On November 4, 1998, the trial court denied Petitioner's Rule 37 petition because it was not filed within

ninety days of the entry of judgment, as required by Arkansas Rule of Criminal Procedure 37.2(c). (#8-9)

Petitioner appealed the trial court's denial of his Rule 37 petition to the Arkansas Supreme Court. *Kerr v. State*, No. CR 99-273, 2000 WL 303423 at *1 (March 23, 2000). The court affirmed noting that the judgment and commitment order was entered on July 17, 1995, but that Petitioner did not file his Rule 37 petition until November 3, 1998, well past the ninety-day deadline provided in Rule 37.2(c) for filing such petitions. *Id*. The court also rejected petitioner's claim that his petition should be addressed on the merits because the ground alleged for Rule 37 relief was sufficient to void the conviction. *Id*. Specifically, Petitioner claimed the trial court had accepted his plea while evidence existed, in a defense report, that he was mentally incompetent. *Id*. The court rejected the claim noting that it had previously held that grounds sufficient to void a judgment must be alleged in a petition that conforms to the time requirements set forth in Rule 37. *Id*., citing *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996).

On March 21, 2001, counsel for Petitioner filed a petition for writ of habeas corpus with this Court. On April 2, 2001, the Court ordered Petitioner to serve a copy of his petition on the respondent, but the petition went unserved. On February 20, 2002, the Court ordered Petitioner to file a report indicating whether he wished to proceed with his petition. Neither Petitioner nor his counsel responded, and the Court dismissed the petition without prejudice on April 4, 2002.

In this habeas petition, Petitioner claims: (1) the trial court denied him procedural due process when it failed to hold a competency hearing; (2) the trial court denied him substantive due process when it failed to make a factual determination as to his competency; and (3) because he was incompetent at the time of the entry of his guilty plea, his incarceration constitutes cruel and unusual punishment. (#2 at pp. 4-8)

Respondent contends that all of Petitioner's claims are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d) and are procedurally barred. For the reasons set forth below, the Court recommends that the District Court dismiss Petitioner's petition with prejudice.

### III. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Prisoners whose convictions became final before the AEDPA effective date, April 24, 1996, had a one-year grace period running from the statute's effective date until April 24, 1997, in which to file a habeas petition. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (citing *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999)).

In this case, Petitioner entered a plea of guilty that precluded him from filing a direct appeal. See Ark. R. App. P. Crim. 1(a). Consequently, his conviction became final on the date the trial court entered the judgment and commitment order, July 17, 1995. Because Petitioner's conviction became final before the AEDPA's effective date, Petitioner had until April 24, 1997 to file a petition for writ of habeas corpus. Petitioner did not file this habeas petition until March 10, 2009, over eleven years later. Accordingly, Petitioner's claims are barred by the statute of limitations unless the statute of limitations can be tolled.

A.   *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A petition for Rule 37 post-conviction relief that is untimely filed is not, however, a "properly filed application for state post-conviction or other collateral review," and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply in that circumstance. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

Assuming Petitioner's petition for habeas corpus relief in Lincoln County Circuit Court was a "properly filed application for state post-conviction" relief, the statute of limitations was tolled from March 14, 1996, when Petitioner filed the state habeas action,

until February 24, 1997, when the Arkansas Supreme Court affirmed the trial court. *Johnson v. Kerr*, No. CR 96-694, 1997 WL 86246 (Feb. 24, 1997).

As set forth above, under Arkansas Rule of Criminal Procedure 37.2(c), because Petitioner's conviction was obtained on a plea of guilty, he had ninety days following the entry of judgment by the trial court to file a petition for relief under Rule 37. Petitioner improperly filed his Rule 37 post-conviction petition on November 3, 1998, more than three years after his judgment and commitment order was entered and after the statute of limitations to file a federal habeas petition had expired.

The trial court held that, because the petition was untimely, it lacked jurisdiction to hear the petition. *Kerr v. State*, No. CR 99-273, 2000 WL 303423 at *1 (March 23, 2000). The Arkansas Supreme Court affirmed. *Id*. Accordingly, Petitioner is not entitled to any additional statutory tolling during the time his Rule 37 petition was pending in the state courts. See *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006) (statutory tolling does not apply to Rule 37 post-conviction relief that is untimely filed);*Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (statute of limitations period is not tolled during the pendency of a proceeding commenced after the limitations period has expired).

Petitioner also filed a federal habeas petition on March 21, 2001, which the Court dismissed without prejudice on April 4, 2002. However, a federal habeas petition cannot function as the basis for statutory tolling under 28 U.S.C. § 2244(d)(2). *Cross-Bey v.*

*Gammon*, 322 F.3d at 1014 (citing *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120 (2001)).

The statute of limitations for Petitioner to file a federal habeas petition expired, at the latest, on February 25, 1998, one year after the Arkansas Supreme Court affirmed the trial court's order dismissing Petitioner's state habeas claim. *Johnson v. Kerr*, No. CR 96-694, 1997 WL 86246 (Feb. 24, 1997). Accordingly, his claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In his reply to the response, Petitioner claims the statute of limitations should be tolled because he was not "mentally capable" of comprehending "laws, procedures and

obligations." (#10 at p. 4) As evidence of his mental incompetence, Petitioner points to a pre-trial defense report which he claims establishes that he was "incompetent at the time [he] entered [his] guilty plea." (#10 at p. 2)

A similar claim was made by a federal habeas petitioner in *Collins v. Scurr*, 230 F.3d 1362, 2000 WL 1341544 (8th Cir. 2000)(unpublished opinion). In *Collins*, the petitioner had pled guilty to a state drug-related charge. *Id*. at *1. The trial court denied his petition for post-conviction relief, and the petitioner did not appeal. *Id*. Later, the petitioner filed an untimely federal habeas petition. He acknowledged that his petition was filed outside the one-year statute of limitations, but he claimed the statute of limitations should be equitably tolled due to his "mental incompetence." *Id*. The only evidence of mental incompetence the petitioner in *Collins* provided the court was his claim that he was "suffering from apparent mental incompetency at the time of his plea." The petitioner asked the court for additional time to fully develop a record regarding the length of his mental incompetency.

The Eighth Circuit found that the petitioner's bald assertions of mental incompetence related to an instance of alleged mental incompetency, "at a time [] remote to his [§2254 petition filing] deadline." *Id*. (quoting *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). The Court found the petitioner had failed to show that he had diligently pursued his habeas application since the denial of state post conviction relief and held that he had not made the required threshold showing of mental incompetency necessary to

equitably toll the statute of limitations. *Id*. (citing *Calderon v. United States Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998)).

In this case, as in *Collins*, Petitioner has not established that he has diligently pursued his claims. The evidence in the record indicates that after the Arkansas Supreme Court dismissed his appeal on February 24, 1997, Petitioner waited until November 1998 to file a belated post-conviction petition with the trial court under Rule 37.

Petitioner retained counsel to file a federal habeas petition on his behalf in March 21, 2001, more than three years after the statute of limitation had expired.[1] After Petitioner discovered the Court had dismissed his federal habeas claim in April 2003, he did not pursue any of his claims until December 2008, when he filed a motion to file a successive petition with the Eighth Circuit Court of Appeals.

Further, Petitioner has not made a showing of mental incompetency during the eleven years since the statute of limitations on his claims expired. Petitioner's only evidence of alleged mental incompetence is from the report of a defense-hired psychiatrist who opined in 1995 that the defense of diminished capacity had a "substantial foundation" for Petitioner. (#2 at p. 55) This conclusion does not support Plaintiff's claimed mental incompetence. Moreover, the evaluation is too remote to the period of time at issue to be relevant to Petitioner's equitable tolling claim. Petitioner has not

---

[1] According to documents Petitioner filed with the Court, Petitioner's retained counsel was reprimanded by the Arkansas Supreme Court Committee on Professional Conduct for his mishandling of Petitioner's case. (#2 at pp. 83-85)

9

provided evidence of an extraordinary circumstance sufficient for this Court to equitably toll the statute of limitations. See *Robinson v. Norris*, No. 5:04cv00428, 2007 WL 408410 at *5 (E.D. Ark. 2007) (finding insufficient evidence to toll the statute of limitations for petitioner who did not provide evidence of a medically diagnosed psychotic disorder but claimed he was previously a mental patient).

## IV.     Conclusion

Petitioner's claims for habeas relief are barred by the applicable one-year limitations period set out in 28 U.S.C. § 2244(d). Accordingly, this Court recommends that the District Court dismiss Billy Steve Kerr's Petition for Writ of Habeas Corpus (#2) with prejudice.

DATED this 4th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE